**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Civil Case Number: _____

| | |
|---|---|
| Andrea Macdonald, | : |
| Plaintiff, | : |
| vs. | : |
| LTD Financial Services, L.P., | : |
| Defendant. | : |

**COMPLAINT**

For this Complaint, the Plaintiff, Andrea Macdonald, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act 47 U.S.C. § 227, *et seq.* ("TCPA") and Florida Consumer Collection Practices Act, Fla. Stat. §§ 559.55-559.785 ("FCCPA") in its illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) in that the Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Andrea Macdonald ("Plaintiff"), is an adult individual residing in Sunrise, Florida, and is a "person" as defined by 47 U.S.C. § 153(39) and is a "consumer" as the

term is defined by Fla. Stat. § 559.55(2).

5.  The Defendant, LTD Financial Services, L.P. ("LTD"), is a Texas business entity with an address of 7322 Southwest Freeway, Suite 1600, Houston, Texas 77074, and is a "person" as defined by 47 U.S.C. § 153(39), and is a "creditor" as defined in Fla. Stat. § 559.55(3).

## FACTS

6.  Within the last year, LTD began placing calls to Plaintiff's cellular telephone, number 954-xxx-4661, in an attempt to collect a consumer debt allegedly owed by Plaintiff.

7.  LTD placed calls to Plaintiff's cellular telephone using an automatic telephone dialing system ("ATDS").

8.  When Plaintiff answered the calls from LTD, she heard silence and had to wait on the line to be connected to the next available representative.

9.  On September 20, 2018, Plaintiff spoke with a live representative and requested that all calls to her cease.

10. Nevertheless, LTD continued to place automated calls to Plaintiff at an excessive and harassing rate of up to three (3) calls in a single day, causing frustration to Plaintiff.

## COUNT I
## VIOLATIONS OF THE TCPA – 47 U.S.C. § 227, *et. seq.*

11. Plaintiff incorporates by reference Paragraphs 1 through 10 of this Complaint as though fully stated herein.

12. At all times mentioned herein and within the last year, Defendant called Plaintiff on her cellular telephones using an ATDS or predictive dialer.

13. In expanding on the prohibitions of the TCPA, the Federal Communications Commission (FCC) defines a Predictive Dialer as "a dialing system that automatically dials

consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call…"*2003 TCPA Order*, 18 FCC 36 Rcd 14022. The FCC explains that if a representative is not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." *Id*. In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." *Id*.

14. Defendant's telephone systems have some earmarks of a Predictive Dialer.

15. When Plaintiff answered the phone, she was met with a period of silence before Defendant's telephone system would connect her to the next available representative.

16. Defendant's Predictive Dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

17. Defendant contacted Plaintiff by means of automatic telephone calls to her cellular phone knowing that it lacked consent to call her number in light of her revoking her consent. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

18. The telephone number called by Defendant was and is assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

19. Plaintiff was annoyed, harassed and inconvenienced by Defendant's continued calls.

20. The calls from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

21. Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

22. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II

### VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT, FLA. STAT. §§ 559.55-559.785

23. The Plaintiff incorporates by reference Paragraphs 1 through 10 of this Complaint as though fully stated herein.

24. The Defendant willfully communicated with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engaged in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family, in violation of the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72(7).

25. The Plaintiff is entitled to damages as a result of the Defendant's violations.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendant:

1. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

2. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C);

3. Actual damages pursuant to Fla. Stat.§ 559.77;

4. Statutory damages pursuant to Fla. Stat.§ 559.77;

5. Costs of litigation and reasonable attorney's fees pursuant to Fla. Stat. § 559.77;

6. Punitive damages pursuant to Fla. Stat. § 559.77; and

7. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: February 7, 2019

        Respectfully submitted,

By */s/ Tamra Givens*
   Tamra Givens, Esq.
   Florida Bar No. 657638
   43 Danbury Road
   Wilton, CT 06897
   Telephone: (203) 653-2250
   Facsimile: (203) 653-3424
   tgivens@lemberglaw.com